UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BJORN NIELSEN,<br>    Plaintiff,<br>  v.<br>JENNIFER VAN LEUVEN a.k.a. Jennifer Van Leuvan, and JOSEPH VAN LEUVEN,<br>    Defendants. | No. 3:15-CV-1154 (MPS) |

**RULING AND ORDER**

This case is about a $150,000 engagement ring, a credit card, and a car crash. In his five-count amended complaint, the plaintiff Bjorn Nielsen brings an action for replevin against his ex-fiancée Jennifer Van Leuven, and claims of unjust enrichment, conversion, civil theft, and civil conspiracy against Ms. Van Leuven and her brother, Joseph Van Leuven. (ECF No. 19.)

The case was removed to this court on July 29, 2016. I have jurisdiction over this case under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and the plaintiff is a citizen of Connecticut and the defendants are citizens of New York. (Notice of Removal, ECF No. 1 at ¶ 2.)

Joseph Van Leuven has moved to dismiss the plaintiff's amended complaint. (ECF No. 22.) Rather than explaining why the plaintiff has failed to state a claim under the legal theories presented by the plaintiff, Joseph Van Leuven argues that the Court should grant his motion to dismiss merely because the plaintiff has made several allegations "upon information and belief." Because the plaintiff may properly make the challenged allegations upon information and belief and because Mr. Van Leuven does not argue that the amended complaint is otherwise deficient, I deny the motion.

I.      **Factual Allegations**

The plaintiff, Bjorn Nielsen, was engaged to the defendant Jennifer Van Leuven. (Amended Complaint, ECF No. 19 at ¶ 1–2, 6.) Joseph Van Leuven is Ms. Van Leuven's brother. (*Id.* at ¶ 3.) Mr. Nielsen and Ms. Van Leuven had a difficult relationship that ended after Mr. Nielsen gave Ms. Van Leuven a $150,000 engagement ring, which she has refused to return. (*Id.* at ¶¶ 6–8, 28–30.) (*See also* Notice of Removal, ECF No. 1 at ¶ 2 ("The 'valuable engagement ring' described in Paragraph 6 of each count of the Complaint had a purchase price of $150,000.00.").)

During their relationship, Mr. Nielsen allowed Ms. Van Leuven to use his credit cards and store credit accounts on specific occasions so long as he gave his prior approval. (*Id.* at ¶¶ 9–10.) Without having Mr. Nielsen's permission, Ms. Van Leuven used Mr. Nielsen's credit cards and store accounts to purchase luxury clothing, an airline ticket, and food for her brother. (*Id.* at ¶¶ 12–13, 15, 17.) "Upon information and belief," Mr. Van Leuven knew or should have known that his sister did not have Mr. Nielsen's permission to spend Mr. Nielsen's money on her brother; even so, Mr. Van Leuven accepted the clothing, airline ticket, and food from his sister. (*Id.* at ¶¶ 14, 16, 18, 21.)

"Upon information and belief," Ms. Van Leuven gave her brother Mr. Nielsen's credit card number. (*Id.* at ¶ 56.) Unlike his sister, Mr. Van Leuven never had permission to use Mr. Nielsen's cards or accounts. (*Id.* at ¶ 11.) "Upon information and belief, Mr. Van Leuven knew or should have known that he did not have authorization to make any purchases for his own benefit on Mr. [Nielsen]'s credit cards." (*Id.* at ¶ 20.) Not only did Mr. Van Leuven accept the unauthorized gifts from his sister, Mr. Van Leuven also used his would-be brother-in-law's

American Express card without authorization to order home-delivered meals while Mr. Nielsen and Ms. Van Leuven were traveling. (*Id.* at ¶¶ 19, 56.)

At some point, Mr. Van Leuven took Mr. Nielsen's car without permission and crashed it. (*Id.* at ¶ 23.) "Upon information and belief," to avoid responsibility for the damage, Mr. Van Leuven told the tow company that his name was "Joe Nielsen." (*Id.* at ¶ 24.)

## II.     Legal Standard

### A.     The General Standard on a Motion to Dismiss

In evaluating whether a plaintiff has stated a claim for relief under Rule 12(b)(6), I must "accept as true all factual allegations in the complaint and draw all reasonable inferences" in plaintiff's favor. *Cruz v. Gomez*, 202 F.3d 593, 596 (2d Cir. 2000). I need not accept conclusory allegations and may allow the case to proceed only if the complaint pleads "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (citing *Twombly*, 550 U.S. at 554–55).

### B.     Pleading Upon Information and Belief

If "facts are peculiarly within the possession and control of the defendant, or where the belief is based on factual information that makes the inference of culpability plausible," a plaintiff may allege a fact "upon information and belief." *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (internal citations and quotations omitted). "[P]leading on information and belief is not an appropriate form of pleading if the matter is within the personal knowledge of the pleader or 'presumptively' within his knowledge, unless he rebuts that presumption. Thus, matters of public record or matters generally known in the community should not be alleged on information and belief inasmuch as everyone is held to be conversant with them." *Sanders v. Grenadier Realty, Inc.*, 367 F. App'x. 173, 175 n.2 (2d Cir. 2010) (citation omitted). "[W]hile

pleadings may be based on 'the best of the [attorney's] knowledge, information, and belief,' that information and belief must be "formed after an inquiry reasonable under the circumstances." *Id.* (quoting Fed. R. Civ. P. 11).

"There is no 'fatal combination,' of magic words, however, that makes a complaint deficient. Rather, the plausibility inquiry is a 'context-specific task.'" *New York v. Town of Clarkstown*, 95 F. Supp. 3d 660, 680 (S.D.N.Y. 2015). Thus, a motion to dismiss will not be granted merely because a plaintiff makes allegations upon information and belief. *See Lefkowitz v. McGraw-Hill Glob. Educ. Holdings, LLC*, 23 F. Supp. 3d 344, 355 (S.D.N.Y. 2014) ("Prefacing allegations with ['upon information and belief'] does not eviscerate the sufficiency of a complaint.").

## III. Discussion

Joseph Van Leuven moves to dismiss on the ground that the allegations against him are improperly alleged "upon information and belief." (ECF No. 21-1 at 3.) Although there is some disagreement among district courts over whether a plaintiff must allege facts based on the plaintiff's knowledge to support allegations made on information and belief, *see Barret v. Forest Laboratories, Inc.*, 39 F. Supp. 3d 407, 432 (S.D.N.Y. 2014) (discussing cases), the Court does not reach that issue because the plaintiff has satisfied the standard set forth by the Second Circuit in *Arista Records LLC*.

The plaintiff's allegations that are made "upon information and belief" can be separated into two categories. The first category involves allegations about what Mr. Van Leuven knew or should have known about whether he or his sister was authorized to use Mr. Nielsen's property. (*E.g.*, ECF No. 19 at ¶ 16.) Mr. Van Leuven's knowledge is peculiarly within his control and may be alleged upon information and belief. *Arista Records, LLC*, 504 F.3d at 120; *Boykin v.*

4

*KeyCorp*, 521 F.3d 202, 215 (2d Cir. 2008) ("allegations may be based on information and belief when facts are peculiarly within the opposing party's knowledge." (quoting *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1057 (2d Cir. 1993))

The second category involves allegations about what Mr. Van Leuven said or did outside the presence of the plaintiff, *e.g.*, that Mr. Van Leuven ordered home-delivered meals with Mr. Nielsen's accounts without authorization (*id.* at ¶¶ 19, 56), and that Mr. Van Leuven misrepresented himself as "Joe Nielsen" after crashing Mr. Nielsen's car (*id.* at ¶ 24).

Whether Mr. Van Leuven charged home-delivered meals to Mr. Nieslen's account while Mr. Nielsen was traveling is not within Mr. Nielsen's personal knowledge because Mr. Nielsen's credit card statement would only reflect that a meal was purchased. It is Mr. Van Leuven who would know whether he made the unauthorized purchase and it is he who would have receipts showing his unauthorized use of the credit card. Mr. Nielsen's allegation is also based on factual information that makes the inference of culpability plausible. According to the complaint, Ms. Van Leuven had previously purchased home-delivered meals for Mr. Van Leuven. (*Id.* at ¶ 17.) Then, when Mr. Nielsen and Ms. Van Leuven were traveling, charges for home-delivered food were made with Mr. Nielsen's card to the same company. (*Id.* at ¶¶ 17, 19, 56.) It is plausible that Ms. Van Leuven, who allegedly freely spent her fiancé's money on her brother, would give her fiancé's credit card number to her brother and that her brother would then use the same card to buy the same type of meals from the same company.

What Mr. Van Leuven said to the tow company after he took Mr. Nielsen's car without permission and crashed it "is based on factual information that makes the inference of culpability plausible." *Arista Records LLC*, 604 F.3d at 120. It is plausible that a person who allegedly used

5

another's credit card without permission and crashed a car that was being driven without authorization would also misrepresent his identity to the tow company to avoid liability.

Rather than analyze the plaintiff's claims, Mr. Van Leuven simply argues that there is only a single conclusory allegation against him in the Amended Complaint, namely, the allegation that Mr. Van Leuven damaged Mr. Nielsen's car when he used it without permission. (ECF No. 21-1 at 3.) That allegation is not conclusory; it is "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

So long as representations to the court comply with "Rule 11(b) of the Federal Rules of Civil Procedure . . . , plaintiffs may plead the allegations in complaints upon information and belief . . . . [Mr. Van Leuven] cites no case in which a court dismissed a complaint for overuse of qualifiers, and the Court is aware of no such case." *Wu v. Pearson Educ., Inc.*, No. 09-CIV-6557 (RJH), 2010 WL 3791676, at *6 (S.D.N.Y. Sept. 29, 2010). For the reasons discussed above, I do not dismiss the claims against Joseph Van Leuven based on his sole argument that some of the allegations against him are made "upon information and belief."

**IV.  Conclusion**

The Motion to Dismiss (ECF No. 21) is DENIED. The Supplementary Motion for Stay of Discovery (ECF No. 33) is DENIED as moot because Joseph Van Leuven sought a stay of discovery only until the Court ruled on his Motion to Dismiss.

                              IT IS SO ORDERED.

                              /s/
                              Michael P. Shea, U.S.D.J.

Dated:     Hartford, Connecticut
           April 26, 2016