UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BJORN NIELSEN,
    Plaintiff,

v.

JENNIFER VAN LEUVEN and
JOSEPH VAN LEUVEN,
    Defendants.

No. 3:15-cv-1154 (MPS)

**RULING ON MOTION FOR NEW TRIAL**

Plaintiff Bjorn Nielsen brought this lawsuit against Defendants Jennifer Van Leuven and her brother, Joseph Van Leuven, alleging that after a stormy relationship and break-up, Ms. Van Leuven failed to return an engagement ring Mr. Nielsen gave to her and made unauthorized purchases using Mr. Nielsen's credit cards and accounts. On October 16, 2017, after a two-day trial, a jury found Ms. Van Leuven liable for replevin, unjust enrichment, conversion, and civil theft, and awarded Mr. Nielsen compensatory damages; the jury also found in Mr. Nielsen's favor as to various counterclaims by Ms. Van Leuven. Ms. Van Leuven now moves under Federal Rule of Civil Procedure 59(a) for a new trial with respect to Mr. Nielsen's replevin (Count One), unjust enrichment (Count Two), and conversion (Count Three) claims.[1] For the reasons discussed below, the motion for a new trial is DENIED.

    **I.**    **Factual Background**

I assume familiarity with the underlying facts, which were fully recounted in the Court's prior rulings and at trial. I summarize below certain procedural facts.

---

[1] Ms. Van Leuven does not move for a new trial with respect to Mr. Nielsen's civil theft claim (Count Four) or with respect to her counterclaims.

1

Mr. Nielsen's amended complaint set out five claims against Defendants: replevin for failure to return an engagement ring as to Ms. Van Leuven (Count One), and unjust enrichment, conversion, civil theft, and civil conspiracy as to Ms. Van Leuven and Mr. Van Leuven (Counts Two through Five). (ECF No. 19.)   Ms. Van Leuven also asserted counterclaims for assault and battery (Counts One, Four, and Seven), intentional infliction of emotional distress (Count Two), negligent infliction of emotional distress (Count Three), false imprisonment (Count Five), conversion (Count Six), defamation (Counts Eight, Nine, Ten, Eleven, and Thirteen), civil theft (Count Twelve), and breach of contract (Count Fourteen). (ECF No. 12.)

The Court granted summary judgment to Mr. Nielsen on Ms. Van Leuven's intentional infliction of emotional distress, negligent infliction of emotional distress, conversion, civil theft, breach of contract, and certain defamation counterclaims. (ECF No. 108; ECF No. 116.)

On October 12, 13, and 16, 2017, the Court held a jury trial on Mr. Nielsen's claims and Ms. Van Leuven's remaining counterclaims for assault and battery and slander per se.[2] Mr. Nielsen testified at trial. Though she attended the pre-trial conference, Ms. Van Leuven neither attended nor testified at trial. Mr. Nielsen moved for judgment as a matter of law on his replevin claim, and renewed his motion after resting his case. (ECF No. 136.)

A jury concluded that Mr. Nielsen proved his replevin claim and awarded him $171,200.00 in compensatory damages for that claim.  The jury also concluded that Mr. Nielsen proved his unjust enrichment claim against Ms. Van Leuven, but not Mr. Van Leuven, and awarded Mr. Nielsen $93,207.82 in compensatory damages for that claim. The jury concluded that Mr. Nielsen proved his conversion claim, and awarded him $93,207.82 in compensatory damages for that

---

[2] Mr. Nielsen withdrew his claims for conversion and civil theft against Mr. Van Leuven, maintaining through trial only an unjust enrichment claim against Mr. Van Leuven. Ms. Van Leuven withdrew her claims for punitive damages during trial.

claim. The jury concluded that Mr. Nielsen proved his civil theft claim, and awarded him $9,281.73, consisting of a trebled award of $3,093.91 in compensatory damages. The jury concluded that Ms. Van Leuven did not prove liability on her counterclaims for assault and battery and slander per se. (*See* ECF No. 138.)

At the conclusion of the proceedings, the Court ordered the parties to file proposed judgments. (ECF No. 137.) Mr. Nielsen filed a proposed judgment on October 30, 2017. (ECF No. 143.) Ms. Van Leuven did not file a proposed judgment.

Ms. Van Leuven filed a motion for a new trial with respect to Counts One (replevin), Two (unjust enrichment) and Three (conversion), arguing that the verdict on those counts is irreconcilably inconsistent. (*See* ECF No. 144.) Ms. Van Leuven asserts that damages awarded by the jury on those three counts "simply do not add up and do not accord with any rational view of the evidence whether viewed in the light most favorable to the plaintiff or otherwise." (ECF No. 144-1 at 1.) She provides no analysis in support of this assertion.

**II.    Legal Standard**

Under Fed. R. Civ. P. 59(a), a new trial may be granted "after a jury trial, for any of the reasons for which a new trial has heretofore been granted in an action at law in federal court." A court must grant a new trial if it determines that the jury's verdict "is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving." *Santa Maria v. Metro-North Commuter R.R.*, 81 F.3d 265, 273 (2d Cir. 1996) (internal quotation marks omitted). "[O]n a Rule 59 motion the court may weigh the evidence and the credibility of witnesses and need not view the evidence in the light most favorable to the verdict winner." *ING Global v. United Parcel Serv. Oasis Supply Corp.*, 757 F.3d 92, 99 (2d Cir. 2014) (internal quotation marks omitted). However, trial judges "must exercise their ability to weigh

3

credibility with caution and great restraint, as a judge should rarely disturb a jury's evaluation of a witness's credibility, and may not freely substitute his or her assessment of the credibility of witnesses for that of the jury simply because the judge disagrees with the jury." *Raedle v. Credit Agricole IndoSuez*, 670 F.3d 411, 418 (2d Cir. 2012) (internal quotation marks and citations omitted); *see also ING Global*, 757 F.3d at 99 ("[A] high degree of deference is accorded to the jury's evaluation of witness credibility, and . . . jury verdicts should be disturbed with great infrequency."). When a party challenges a verdict under Fed. R. Civ. P. 59(a) on the ground that it was against the weight of the evidence, a court may grant the motion only if "the verdict is (1) seriously erroneous or (2) a miscarriage of justice." *Id.*

### III. Discussion

Ms. Van Leuven argues that "the verdicts in Counts One, Two, and Three . . . are 'seriously erroneous' because they do not accord with any of the evidence presented," but cites no case law in support of her position and fails to explain how the verdict is inconsistent or unsupported by the evidence presented at trial. "To justify setting aside an otherwise valid jury verdict, . . . special verdict answers must be '*ineluctably* inconsistent.'" *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004) (quoting *Tolbert v. Queens Coll.*, 242 F.3d 58, 74 (2d Cir. 2001)) (emphasis in original). "In cases where the special verdict answers appear to be inconsistent but there is a view of the case that makes the jury's answers consistent, they must be resolved that way." *Id.* (internal quotation marks omitted).[3] Aside from her conclusory assertions, Ms. Van Leuven does not

---

[3] *Munafo*, on which Plaintiff relies, dealt with "special verdict" answers, 381 F.3d at 105, while the verdict in this case consists essentially of unitary "yes" or "no" findings as to each count. It may thus more aptly be considered a "general verdict." *See* Fed. R. Civ. P. 49. Consequently, it is not clear that Ms. Van Leuven may avail herself even of the demanding standard set forth in *Munafo*. To the extent the verdict should be treated as an inconsistent general verdict, it is likely that Ms. Van Leuven is not *entitled* to relief at all. *See In re Vivendi Universal, S.A. Sec. Litig.*, 765 F. Supp. 2d 512, 554 n.33 ("Though the Supreme Court has not squarely addressed whether

4

provide any analysis explaining how the verdict is "ineluctably inconsistent," how the Court cannot resolve any inconsistency in the verdict, or why the verdict is not supported by the weight of the evidence. Thus, Ms. Van Leuven has not met her burden for disturbing the jury's verdict and holding a new trial.

Moreover, Ms. Van Leuven waived her objection to any inconsistency in the jury verdict by failing to object to the verdict before the jury was excused. *See Kosmynka v. Polaris Indus., Inc.*, 462 F.3d 74, 83 (2d Cir. 2006) ("It is well established that a party waives its objection to any inconsistency in a jury verdict if it fails to object to the verdict prior to the excusing of the jury.").

In any event, Mr. Nielsen points out in his response brief and proposed judgment (ECF No. 143) that the verdict is logical and may be reconciled as follows:

- The jury's award of $171,200.00 for Count One (replevin) is exactly the value of the ring that Mr. Nielsen claimed Ms. Van Leuven unlawfully retained. (*See* Plaintiff's Trial Exhibit 7.)

- The jury's award of $93,207.82 on each of Count Two (unjust enrichment) and Count Three (conversion) is duplicative and is comprised of fifty percent of the value of the ring ($85,600.00), plus the value of unauthorized Seamless charges as reflected by Plaintiff's Trial Exhibit 10 ($4,513.91), plus the jury's assessed value of unauthorized airline tickets ($3,093.91), as described in Mr. Nielsen's testimony and Plaintiff's Trial Exhibit 11. The Court will eliminate the duplicative portions of these awards. As Mr. Nielsen points out, the damage award for unauthorized

---

inconsistent general verdicts should be allowed to stand in civil cases, . . . many courts have held that a district court has the discretion to let inconsistent general verdicts stand in civil cases." (internal citations omitted) (collecting cases). Nonetheless, because Plaintiff has briefed this issue under the *Munafo* standard, the Court will analyze it under that standard. As noted, Ms. Van Leuven has offered no analysis of this issue.

airline tickets is $100.00 more than the amount for which Mr. Nielsen argued, which may be reconciled with the evidence of two $25.00 baggage fees that were incurred on the same day Ms. Van Leuven purchased the unauthorized airline tickets for a trip, and the reasonable inference that those fees would have been charged again on Ms. Van Leuven's return trip. (*See* Plaintiff's Trial Exhibit 11 at BN0481-82.)[4]

- The jury's award for Count Four (civil theft), which Ms. Van Leuven does not challenge, is duplicative of the compensatory damage awards in Counts Two and Three, but not duplicative as to trebling. Again, the Court will eliminate the duplicative portion.

Having filed no response to Mr. Nielsen's proposed reconciliation of the jury awards, and having failed to point out which pieces of evidence presented at trial contradict the jury's verdict or demonstrate that it is inconsistent, Ms. Van Leuven has not shown that the jury verdict is so "ineluctably inconsistent" or so unsupported by the evidence presented at trial as to warrant a new trial under Rule 59.

The Court directs the Clerk to enter judgment in favor of Mr. Nielsen in the amount of $184,695.64, comprised of the non-duplicative amounts of $171,200.00 (the value of the ring) plus $4,513.91 (the value of the unauthorized Seamless charges) plus $8,981.73 (the value of the unauthorized airline ticket charges, less $100.00, after trebling), with interest to accrue at an annual

---

[4] Mr. Nielsen concedes that the additional $100.00 in the jury's damages award may be a mathematical error. Nonetheless, such an error would not be grounds for setting aside the verdict. *See Anderson v. Metro-North Commuter R.R.*, 493 Fed. Appx. 149, 153 (2d Cir. 2012) ("We have never permitted a district court to set aside a jury verdict merely on the grounds that the jury made a minor computational error."). In any event, Mr. Nielsen stipulates that he does not claim the additional $100.00 and accepts a $100.00 remittitur. (*See* ECF No. 145 at 3-4 n.3.)

rate of 10% under Conn. Gen. Stat. § 37-3a in the event the judgment is not paid in full within 30 days.

## IV. Conclusion

For the reasons discussed above, the motion for a new trial (ECF No. 144) is DENIED. Mr. Nielsen's motion in limine to limit Jennifer Van Leuven's presentation of evidence and argument concerning assault and slander counterclaim damages (ECF No. 112) and motion to exclude documents, witnesses and other material not timely disclosed in the joint memorandum process (ECF No. 121) are DENIED as moot. Mr. Nielsen's motion to dismiss Ms. Van Leuven's counterclaims (ECF No. 127) is DENIED, reflecting the Court's oral denial of the motion on October 12, 2017. Mr. Nielsen's renewed motion for judgment as a matter of law (ECF No. 136) is DENIED as moot. Mr. Nielsen's motion to seal ECF No. 113 is GRANTED.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
January 19, 2018